UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CANDACE GABRIEL | CIVIL ACTION |
| VERSUS | NO. 24-1513 |
| FARMERS PROPERTY AND CASUALTY INSURANCE COMPANY | SECTION: D(1) |

### ORDER AND REASONS

Before the Court is an Affidavit of Costs and Fees filed by Defendant Economy Fire and Casualty Company, incorrectly named as Farmers Property and Casualty Insurance Company, for the purpose of assessing reasonable attorney's fees against Plaintiff Candace Gabriel.[1] Plaintiff did not file an opposition brief to Defendant's Affidavit, despite having the opportunity to do so.[2] After careful consideration of Defendant's Affidavit, the record, and the applicable law, the Court **GRANTS** Defendant $680.00 in attorney's fees.

### I.   FACTUAL BACKGROUND

On December 2, 2024, Magistrate Judge van Meerveld granted a Motion to Compel filed by Defendant and ordered Plaintiff to produce documents responsive to Defendant's previously filed requests for production by December 16, 2024.[3] On January 3, 2025, Defendant filed a Motion to Dismiss Case for Not Obeying a Discovery Order, alleging that Plaintiff had failed to produce the discovery relevant

---

[1] R. Doc. 34.
[2] R. Doc. 35.
[3] R. Doc. 24.

to Judge van Meerveld's December 2, 2024 Order and urging the Court to dismiss this matter for Plaintiff's failure to comply with a court order.[4]

On January 14, 2025, the Court held a telephone status conference, during which counsel for Plaintiff expressed a willingness to provide the discovery sought by Defendant to the extent that it exists.[5] Based on this information, the Court and counsel for Defendant agreed that the Motion to Dismiss was moot, and the Court denied the Motion as such.[6] The Court further found that under Federal Rule of Civil Procedure 37(b)(2)(C), Defendant was entitled to reasonable expenses, including attorney's fees, based on Plaintiff's failure to comply with Judge van Meerveld's Order.[7] The Court ordered Defendant to file an Affidavit of Costs and Fees, outlining the costs caused by Plaintiff's failure to comply with Judge van Meerveld's Order.[8] Defendant filed its Affidavit on January 29, 2025.[9] Plaintiff did not challenge the reasonableness of the fees and costs outlined in the Affidavit.

## II.  LAW AND ANALYSIS

Federal Rule of Civil Procedure 37 provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending . . . must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure."[10] A court has

---

[4] R. Doc. 27.
[5] R. Doc. 30.
[6] *Id.* at 2.
[7] *Id.* at 1.
[8] *Id.* at 2.
[9] R. Doc. 34.
[10] FED. R. CIV. P. 37(b)(2)(C). The Court has already found that Defendant is entitled to fees and costs and therefore does not restate that analysis here.

2

broad discretion in fashioning a reasonable attorney's fee and is reviewable only for abuse of discretion, and therefore will not be reversed if there is strong evidence that the award is excessive or inadequate, or that the amount chosen is clearly erroneous.[11] In order to determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award and must determine whether the hourly rate is reasonable and whether the tasks reported by counsel seeking the award are duplicative or unnecessary.[12] To determine the reasonableness of an attorney's fees award, the Court must first determine the "lodestar," which is reached by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.[13]

Here, the Court finds that Defendant's counsel's rates and hours expended are reasonable. The Affidavit provided by Defendant's counsel shows a total of 3.5 hours expended communicating with Plaintiff's counsel about Plaintiff's failure to provide the required discovery, drafting and finalizing a motion to dismiss for failure to comply with Judge van Meerveld's Order, and preparing for the conference this Court set to discuss Defendant's motion to dismiss and the overall discovery dispute.[14] The total cost incurred is at $680.00, which amounts to less than $200 per hour for the services rendered. In light of the experience of the attorneys for Defendant and the quality of the Motion to Dismiss, as well as counsel's preparation at the status conference, the Court finds that the $680.00 sought by Defendant is an appropriate

---

[11] *Hopwood v. State of Tex.*, 236 F.3d 256, 277 n.79 (5th Cir. 2000).
[12] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983);
[13] *Id.*, 461 U.S. at 433; *see also Green v. Adm'rs of Tulane Educ. Tr.*, 284 F.3d 642, 661 (5th Cir. 2002).
[14] R. Doc. 34 at 1-2.

loadstar. The Court further finds that the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*[15] do not require an adjustment upward or downward. Moreover, all of the expenses incurred were directly related to Plaintiff's failure to respond to discovery and are therefore proper under Rule 37(b)(2)(C).[16]

### III.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that $680.00 shall be paid to Defendant by Plaintiff within thirty days of the date of this Order and Reasons.

New Orleans, Louisiana, March 25, 2025.

*[signature: Wendy B Vitter]*

**WENDY B. VITTER**
**United States District Judge**

---

[15] 488 F.2d 714 (5th Cir. 1974).
[16] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) ("Again, under Rule 37, a party and its counsel 'can only be held responsible for the reasonable expenses including attorney's fees caused by their failure to comply with discovery.'") (quoting *Chapman & Cole & CCP, Ltd. v. Itel Container Int'l B.V.*, 865 F.2d 676, 687 (5th Cir. 1989)) (brackets omitted).